UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM V. TRAN,<br><br>        Plaintiff,<br><br>    v.<br><br>XAVIER BECERRA,<br>Secretary of Health and Human Services,<br><br>        Defendant. | Civil Action No. 21-2773 (CJN) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

## TABLE OF CONTENTS

ARGUMENT ..................................................................................................................... 1

   I.   THE COURT SHOULD TRANSFER THIS TITLE VII MATTER TO THE DISTRICT OF MARYLAND. ............................................................................................................. 1

   II.   PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER TITLE VII OR SECTION 1981. ................................................................................................................................... 2

      A.   Plaintiff Concedes He Cannot Bring a Section 1981 Claim. ........................................ 2

      B.   NIH's Alleged Denial of Telework, Assignment of Duties, and Denial of Training Requests Are Not Actionable Adverse Conduct Under Title VII. .......................................... 2

      C.   Plaintiff Concedes that His Complaint Does Not Allege a Hostile Work Environment.. 4

      D.   Plaintiff Cannot Seek Damages Beyond What is Allowed Under Title VII. ................... 4

CONCLUSION .................................................................................................................. 5

## TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page(s)**

*Achagzai v. Broad. Bd. of Governors*,
   Civ. A. No. 17-0612, 2018 WL 4705799 (D.D.C. Sept. 30, 2018) ......................................... 3

*Casey v. Mabus*,
   878 F. Supp. 2d 175 (D.D.C. 2012) ....................................................................................... 3

*Dorns v. Geithner*,
   692 F. Supp. 2d 119 (D.D.C. 2010) ....................................................................................... 4

*Fogg v. Ashcroft*,
   254 F.3d 103 (D.C. Cir. 2001) ............................................................................................... 5

*Jones v. Castro,*
   168 F. Supp. 3d (D.D.C. 2016) .............................................................................................. 3

*Joorabi v. Pompeo*,
   464 F. Supp. 3d 93 (D.D.C. 2020) ......................................................................................... 2

*Lurensky v. Wellinghoff*,
   167 F. Supp. 3d 1 (D.D.C. 2016) ........................................................................................... 4

*Turner v. Shinseki*,
   824 F. Supp. 2d 99 (D.D.C. 2011) ......................................................................................... 3

*Tyes-Williams v. Whitaker*,
   361 F. Supp. 3d (D.D.C. 2019) ........................................................................................... 2-3

**Statutes and Rules**

42 U.S.C. § 1981 ....................................................................................................................... 1, 2
Fed. R. Civ. Pro. 12(f) .................................................................................................................. 4

Defendant Xavier Becerra, in his official capacity as Secretary of Health and Human Services, respectfully files this reply in support of his Motion to Dismiss ("Motion," ECF No. 11). Plaintiff's Opposition (ECF No. 12) does not prevent this Court from granting Defendant's Motion. Ultimately, Plaintiff improperly filed his Complaint in this District. All of the alleged employment actions in this Title VII case occurred in the District of Maryland and therefore belongs in the District of Maryland. For this reason alone, the Court should dismiss Plaintiff's Complaint in its entirety. But even if venue were somehow proper in this District, Plaintiff's Complaint should nevertheless be partially dismissed for failure to state a claim under Title VII or Section 1981.

**ARGUMENT**

**I.   THE COURT SHOULD TRANSFER THIS TITLE VII MATTER TO THE DISTRICT OF MARYLAND.**

Although Plaintiff's Opposition argues that venue is proper in this District, he notes that he will not oppose Defendant's alternative request to transfer this Title VII case to the District of Maryland.  *See* Opp. at 4. Therefore, the Court should simply transfer the matter to the District of Maryland, where all relevant employment actions occurred. Motion at 3-6; Pl. Memo. in Support of Opp. to Def.'s Mot. to Dismiss ("Opp.") at 3-4, ECF No. 12-1 (not disputing relevant employment actions occurred in the District of Maryland).[1]

---

[1] Upon transfer, this case will be handled by another Assistant United States Attorney in the Transferee District. To allow that attorney sufficient time to review the case file, discuss this matter with the relevant agencies, and formulate an appropriate response to Plaintiffs' Complaint, the Court should also extend Defendant's time to respond to the Complaint to 21 days after this action is docketed in the Transferee District. This extension is not sought for delay. Moreover, granting the extension will not prejudice either party.

## II. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER TITLE VII OR SECTION 1981.

Even if the Court were to find venue proper (which it should not), it should partially dismiss Plaintiff's Complaint for failure to state a claim. Plaintiff's Opposition against partial dismissal are not persuasive.

### A. Plaintiff Concedes He Cannot Bring a Section 1981 Claim.

Plaintiff concedes that he cannot bring a Section 1981 claim because the statute does not apply to federal employees. Opp. at 4. The Court should therefore dismiss Plaintiff's Section 1981 claim (Count IV).

### B. NIH's Alleged Denial of Telework, Assignment of Duties, and Denial of Training Requests Are Not Actionable Adverse Conduct Under Title VII.

Plaintiff's arguments against partial dismissal of his Title VII discrimination and retaliation claims based on any alleged denial of telework, assignment of duties, and denial of training requests are not persuasive. As an initial matter, Plaintiff mischaracterizes the nature of Defendant's Motion, and for that matter, the legal standard at the motion to dismiss stage. Plaintiff asserts that Defendant does not deny that he is a member of a protected class, or that he was subjected to certain differential treatment. Opp. at 5-6. Plaintiff's argument is misguided.

At the motion to dismiss stage, Plaintiff's allegations are accepted as true, *Joorabi v. Pompeo*, 464 F. Supp. 3d 93, 98 (D.D.C. 2020). Here, Defendant disputes that Plaintiff has sufficiently alleged that Defendant's purported denial of telework, assignment of duties, and denial of training requests are sufficiently adverse for purposes of Title VII. Plaintiff's main contention is that these actions must be considered together to establish an adverse action. *See* Opp. at 6-7. Plaintiff notably cites no definitive authority for this proposition. *See id*.

Indeed, "it is a small minority of courts in this district that have held that a retaliation [or discrimination claim] claim *requires* the collective consideration of allegedly adverse actions. *See*

*Tyes-Williams v. Whitaker*, 361 F. Supp. 3d 1, 13–14 (D.D.C. 2019) (emphasis in original) (citing cases); *Turner v. Shinseki*, 824 F. Supp. 2d 99, 114–15 (D.D.C. 2011). While some courts appear to collectively consider adverse actions together, *see Tyes-Williams*, 361 F. Supp. 3d at 13-14 (citing cases), others have noted that "the Court must analyze *each* alleged adverse action, individually, to determine whether it constitutes an action that may be the basis for a discrimination claim or a retaliation claim in the circumstances of this case," *Jones v. Castro*, 168 F. Supp. 3d 169, 179 (D.D.C. 2016) (emphasis in original) (citing cases).

But even if this Court were to consider these adverse actions collectively, Plaintiff has still not alleged sufficient adverse action for his Title VII discrimination or retaliation claims, for the reasons noted in Defendant's Motion. *See* Motion at 7-11. Plaintiff otherwise alleges and argues that his duties were replaced with duties outside of his position and that he was denied training that would have advanced his career. *See* Opp. at 5-7; Compl. ¶¶ 21-23, 26-27, 39, 45. He argues that when combined with the allegation regarding his denial of telework, he therefore sufficiently alleged adverse employment action. *See* Opp. at 5-7. However, mere changes in work assignments and the denial of training, are not adverse as a matter of law, especially where Plaintiff fails to plead any material change in title, duties, salary, benefits, or working hours as a result of those actions. *See* Motion at 9-11; *Achagzai v. Broad. Bd. of Governors*, Civ. A. No. 17-0612 (RDM), 2018 WL 4705799, at *7 (D.D.C. Sept. 30, 2018); *Casey v. Mabus*, 878 F. Supp. 2d 175, 184 (D.D.C. 2012) (denial of training which plaintiff alleged would have advanced her career was not adverse). Plaintiff alleges that his previous duties were replaced with inventory tasks, but Plaintiff does not otherwise allege what his previous duties even were, and how his new duties were different from his previous duties. *See* Compl.; Opp. at 6.

Ultimately, Plaintiff's complaints, even when considered collectively, are no different than the ones other courts have considered and dismissed. *See Lurensky v. Wellinghoff*, 167 F. Supp. 3d 1, 21 (D.D.C. 2016) (finding no adverse action for retaliation even based on collective consideration of several "disconnected trivialities and isolated actions," which included, among other actions, denial of advanced leave and denial of telework); *Dorns v. Geithner*, 692 F. Supp. 2d 119, 134 (D.D.C. 2010) (finding no adverse action for discrimination or retaliation, even in collective consideration of among other things, a poor performance rating, denial of training, and denial of advanced sick leave).

The Court should therefore dismiss Plaintiff's discrimination and retaliation claims as they relate to the denial of telework, reassignment of duties, and denial of training.

    **C.**    **Plaintiff Concedes that His Complaint Does Not Allege a Hostile Work Environment.**

In his Opposition, Plaintiff states that his Complaint does not raise a separate hostile work environment claim. *See* Opp at 7. Even so, to the extent that the Court construes Plaintiff's Complaint as raising a hostile work environment claim (*see* Compl. at ¶¶ 22, 24, 83), that claim should be dismissed. *See* Mot. at 11-14.

    **D.**    **Plaintiff Cannot Seek Damages Beyond What is Allowed Under Title VII.**

Finally, the Court should dismiss Plaintiff's claims for damages beyond $300,000 and for punitive damages, or alternatively strike Plaintiff's request from the pleadings under Federal Rule of Civil Procedure 12(f). Plaintiff concedes that he cannot seek punitive damages in this case. Opp. at 8. Plaintiff's argument that a jury should decide his entitlement to compensatory damages is not persuasive. *See id.* Just because a jury may award compensatory damages of $750,000 (as alleged) does not mean Plaintiff is legally entitled to compensatory damages beyond the statutory limit of

$300,000 for Title VII claims. *See Fogg v. Ashcroft*, 254 F.3d 103, 106 (D.C. Cir. 2001) (statutory cap for compensatory damages at $300,000 for Title VII cases).

## CONCLUSION

For the foregoing reasons, and for the reasons stated in Defendant's Motion, the Court should dismiss Plaintiff's Complain in its entirety. This case does not belong in this District.

Dated: June 14, 2022

                                                    Respectfully submitted,

                                                    MATTHEW M. GRAVES, D.C. Bar #481052
                                                    United States Attorney

                                                    BRIAN P. HUDAK
                                                    Chief, Civil Division

                                                    By:       /s/ Erika Oblea
                                                          ERIKA OBLEA, DC BAR #1034393
                                                          Assistant United States Attorney
                                                          601 D Street, NW
                                                          Washington, DC 20530
                                                          (202) 252-2567
                                                          erika.oblea@usdoj.gov

                                                    *Counsel for Defendant*